IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALD OSCAR PERSON,

                    Plaintiff,              Civil No. 03-1046-CO


                    v.                      FINDINGS AND
                                            RECOMMENDATION
Ms. KEENE, et al.,

                    Defendants.


COONEY, Magistrate Judge.

        Plaintiff's Second Amended Complaint is 99 pages long and

alleges a myriad of claims against 31 defendants.[1] In short,

plaintiff's principal claims arise from a "slip and fall"

incident in the Snake River Correctional Institution dining

---

[1]The amended complaint does not comply with the requirement of
Fed. R. Civ. P. 8(a) that a complaint shall include "a short and
plain statement of the claim showing that the pleader is entitled
to relief."  However, the other deficiencies of the complaint are
dispositive of the motions before the court.  Therefore allowing
(or requiring plaintiff) to amend would be futile.

room on July 28, 2002.[2]  Plaintiff alleges that defendants

failed prevent, or to warn him of, the dangerous condition,

that he was injured, and that defendants failed to adequately

respond to his injury and provide him with proper medical

care.  Plaintiff also alleges claims for violations of his

Constitutional rights under the First, Fourth, Sixth, Seventh,

Eighth, and the Fifth/Fourteenth Amendments "[s]pecifically:

Access to the Courts; Search and seizure clauses; Cruel and

Unusual Punishment Clauses; Other civil Rights not Enumerated;

Confrontation of Witnesses Clauses and Compulsory Evidence;

Due Process & Equal Protection Rights; and the Protection

Clauses for Disabled Persons Act." Amended Complaint (#35) p.

3.

The following motions are before the court:

<u>Defendant Holy Rosary Medical Center[3] and John Does 5 & 6</u>

<u>Motion to Dismiss (#55):</u>

Defendant Holy Rosary Medical Center ("HRMC") and John

Does 5 and 6 move to dismiss plaintiff's claims against them

on grounds of insufficiency of process, that plaintiff failed

to commence the action against them within the statute of

_____

[2]Plaintiff's first two complaints dealt exclusively with this
incident.  Plaintiff's Second Amended Complaint was expanded to
include a myriad of tangentially related claims.

[3]The correct legal name for this entity is The Dominican
Sisters of Ontario, Inc dba Holy Rosary Medical Center.  <u>See</u>,
Defendants' Motion (#35) p. 3, fn. 1.

limitations, and for failure to state a claim.

The record reflects that defendants HRMC and John Does 5 and 6 have not been properly served in accordance with Fed. R. Civ. P. 4. See, Affidavit of Bob Welsh, in support of Motion to Dismiss (#55). Arguably, this deficiency could be cured. However, for the reasons set forth below, proper service would not save plaintiff's claims against the moving defendants.

Plaintiff's claims against defendant HRMC and John Does 5 and 6 arise from the allegedly negligent medical treatment they provided on July 28, 2002. Plaintiff filed his first complaint in this action on August 1, 2003 and an Amended Complaint (#17) on December 1, 2003. Plaintiff filed a Second Amended Complaint (#35) first naming defendants HRMC and John Does 5 and 6 on September 30, 2004.

It is unclear from plaintiff's pleadings whether he intends his claim against defendant HRMC and John Does 5 and 6 as a constitutional tort or a supplemental state law claim. If intended as a claim under 42 U.S.C. § 1983, plaintiff's claim fails as a matter of law because there are no allegations that the moving defendants are state actors or that their conduct giving rise to plaintiff's claim against them was "under color of state law." See, Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991); Gibson v. United States, 781 F.2d 1334 (9th Cir. 1986).

Moreover, mere negligence is not actionable under 42 U.S.C. § 1983. <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986). Plaintiff's factual allegations against the moving defendants do not indicate a "deliberate indifference to serious medical needs" necessary to state an Eight Amendment claim. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1316 (9th Cir. 1995). Isolated occurrences of neglect or even gross negligence are insufficient to establish deliberate indifference to serious medical needs. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992)(isolated occurrence); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir 1990).

In any event, whether intended as a claim under the civil rights statutes or as a supplemental state law claim, plaintiff's claim is barred by the statute of limitations.

42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. <u>See</u>, <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. <u>Cooper v. City of Ashland</u>, 871 F.2d 104, 105 (9th Cir. 1988); <u>Davis v. Harvey</u>,

789 F.2d 1332 (9th Cir. 1986).

To the extent plaintiff's claims against HRMC can be construed as supplemental (pendent) state claims, the statute of limitations applicable to medical negligence under Oregon law is 2 years from "the date the injury is discovered or in the exercise of reasonable care should have been discovered." ORS 12.110(4).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

Pursuant to Fed. R. Civ. P 3, an action is "commenced" by filing a complaint with the court. As noted above, plaintiff filed this action on August 1, 2003 and amended his complaint to name the moving defendants on September 30, 2004.

Pursuant to Fed. R. Civ. P. 15©) an amendment of a pleading relates back to the date of the original pleading when: "(2) The claim ... asserted in the original pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) The amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons of the complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Plaintiff's seconded complaint does not satisfy any of the above provisions of Fed. R. Civ. P. 15©) necessary for relation back as to HRMC or John Does 5 and 6. The claims against HRMC and its employees do not arise out of the same conduct or transaction as those alleged in plaintiff's original complaint. Plaintiff's original complaint named the Oregon Department of Corrections, the State Accident Insurance Fund Corporation, the "Oregon Safety Health Division and un-named State of Oregon employees as defendants and raised claim arising out of the conditions of his incarceration, specifically the slip and fall incident. Although the July 28, 2002 incident that led to plaintiff's treatment at HRMC was alleged in plaintiff's original complaint, plaintiff did not claim any wrongful a conduct by HRMC or its employees, or

name them as defendants.  Plaintiff's allegations concerning his treatment in the emergency room at HRMC are wholly separate from his claims against the state agencies and employees alleged in his original complaint.

Similarly, plaintiff's second amended does not relate back under Fed. R. Civ. p. 15©)(3).  Amended complaints do not relate back insofar as they state claims against newly named defendants.  <u>Lewis v. Lewis</u>, 358 F.2d 495 (9th Cir. 1966). Although plaintiff's original complaint was filed within two years of HRMC's allegedly wrongful conduct, the amended pleading first naming HRMC was not filed until two months after the limitations period.  Neither the original complaint nor the first amended complaint makes any mention of HMRC that would have put HRMC or its employees on notice of potential claims against them.  Nor was there a "mistake in identity" as to HRMC, as it is clear from plaintiff's original complaint that he knew which hospital he was taken to.

I find that plaintiff's claims against the moving defendants accrued on July 28, 2002 when they treated his injuries.  Plaintiff commenced this action against HMRC on September 30, 2004, with the filing of the second amended complaint first naming HMRC (and  John Does 5 and 6) as defendants.  The relation back provisions of Fed. R. Civ. P. 15©) do not apply.  Thus, plaintiff's claims under 42 U.S.C.

§ 1983 and any supplemental state law claim against HRMC are barred by the 2 year statute of limitations.

It is not necessary to address defendants' argument that plaintiff's allegations fail to state a negligence claim. Defendants' Motion to Dismiss (#55) on the ground that plaintiff's action against them was not commenced within the limitations period should be allowed.

Treasure Valley Paramedic's and John Does #3 and #4 Motion for Summary Judgment and to Dismiss (#59):   Defendants Treasure Valley Paramedics and its employees identified as John Does 3 and 4 move to dismiss plaintiff's claims and for summary judgment on various grounds.  It is not necessary to address all of the defenses raised in defendants' motion because in so far as their potential liability to plaintiff is concerned, the moving defendants stand in exactly the same position as HRMC and John Does 5 and 6:  they are not state actors for purposes of liability under 42 U.S.C. § 1983 and plaintiff's allegations fail to state an Eighth Amendment claim.   In addition, plaintiff's claim for the loss of his shoes is not actionable under 42 U.S.C. § 1983 because plaintiff has an adequate state law remedy.[4]  See, Parratt v. Taylor, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 531-533 (1984).

Moreover  as  with  plaintiff's  claims  against  HRMC,

---

[4]Under the Oregon Tort Claims Act.

plaintiff's claims against the moving defendants arise from their alleged medical conduct on July 28, 2002. They were not named as defendants and this action was not commenced against them until plaintiff filed his seconded amended complaint on September 30, 2004. There are no circumstances to support the relation back of plaintiff's claims to the time of the filing of the original or first amended complaint. Thus, for the reasons discussed above, plaintiff's claims, whether intended as federal or supplemental state law claims are barred by the statute of limitations. Defendants' Treasure Valley Paramedics Motion for Summary Judgment and to Dismiss (#61) should be allowed.

State Defendants' Motions to Dismiss (#81): Defendants "Ms. Keene, et al.," move for dismissal under Fed. R. Civ. P. 8©) and 12(b)(6) of all claims against the State Accident Insurance Fund Corporation on the grounds that plaintiff has failed to state a claim upon which relief can be granted.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial Power of the United States shall not be construed to extend to any suit in law equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Supreme Court has recognized that the amendment reflects the fundamental principle of sovereign immunity as

a limitation  on the grant of judicial authority in Article III.  _Hoohuli v. Ariyoshi_, 741 F.2d 1169, 1173 (9th Cir. 1984).  Thus, despite the limited terms of the amendment, federal courts cannot entertain an action brought by a citizen against his or her own state.  _Id_.

The Supreme Court has repeatedly stated that a state or its officials and agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States.  _Board of Trustees of University of Alabama v. Garrett_, 531 U.S. __, 121 S.Ct. 955 (2001); _Atascadero State Hospital v. Scanlon_, 474 U.S. 234 (1985); _see_ _also_, _Quern v. Jordan_, 440 U.S. 332 (1979); _Edleman v. Jordan_, 415 U.S. 651, 673 (1984); _Pennhurst State School and Hospital v. Halderman_, 465 U.S. 89 (1984); _College Saving Bank v. Florida Expense Board_, 527 U.S. 666 (1999).  The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought.  _Cory v. White_, 457 U.S. 85 (1982); _Brooks v. Sulphur Springs Valley Elec. Co-Op_, 951 F.2d 1050, 1053 (9th Cir. 1991)["The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature]; _Welch v._

<u>Texas Dep't of Highway and Pub. Transp.</u>, 483 U.S. 468, 472 (1987).

In addition, a states waiver of sovereign immunity in its own courts does not waive its Eleventh Amendment immunity in federal courts. <u>Edelman v. Jordan</u>, <u>supra</u>. Thus, the enactment of the Oregon Tort Claims Act did not waive the State of Oregon's Eleventh Amendment immunity.

In this case, plaintiff alleges claims against SAIF, an agency of the State of Oregon. As explained by the Court in <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989), although Section 1983 provides litigants with a federal forum to remedy the deprivation of civil liberties by state authorities, it does not provide a federal forum for litigants who seek a remedy against the state itself. In short, a state (or state agency) is not a "person" within the meaning of 42 U.S.C. § 1983. <u>See also</u>, <u>Cortez v. County of Los Angeles</u>, 294 F.3d 1186 (9th Cir. 2002); <u>Center for Legal Studies, Inc. v. Lindley</u>, 64 F. Supp 2d 970 (D. Or. 1999).

Plaintiff also names "Ms. Kathy Keene (President)" of SAIF as a defendant and alleges that she is sued in her individual capacity for "actions done by and through (her) agents." Second Amended Complaint (#35) p. 4.

Suits against state officials for conduct in their official capacities, "are, in essence, actions against the

governmental entity of which the officer is an agent." Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201-202 (9th Cir. 1988). Thus state officers are immune from liability for their official acts. Claims against state officials in their individual capacities may be actionable under 42 U.S.C. § 1983. See, Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

However, in this case, defendant Keene is specifically sued for actions "done by and through (her) agents." Thus, plaintiff seeks to hold Ms. Keene liable on a theory of respondeat superior.

It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); Rizzo v. Goode, 423 U.S. 362, 375-76 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. See, Boddie v. Coughlin, 583 F. Supp. 352, 356 (S.D.N.Y. 1984); Tunnell v. Office of Public Defender, 583 F. Supp. 762, 767 (E.D. Pa. 1984); Black v. Delbello, 575 F. Supp. 28, 30 (S.D.N.Y. 1983); Knipp v. Winkle, 405 F. Supp. 782, 783 (N.D. Ohio 1974). A supervisor may be liable based on his or her

personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989), citing <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 680-81 (9th Cir. 1984). <u>See</u> <u>also</u>, <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Redman v. County of San Diego</u>, 924 F.2d 1435, 1446 (9th Cir. 1991), <u>cert.</u> <u>denied</u>, 112 S. Ct. 972 (1992) (quoting <u>Hansen v. Black</u>, <u>supra</u>, 885 F.2d at 646, in turn quoting <u>Thompkins v. Belt</u>, 828 F.2d 298, 304 (5th Cir. 1987).

Plaintiff has not alleged that defendant Keene was

directly involved in the alleged deprivation of his constitutional rights or any facts that would establish her liability based on respondeat superior.

Defendant SAIF is a State agency established and empowered by state law of the State of Oregon. Plaintiff has not established any waiver or abrogation of the State of Oregon's Eleventh Amendment immunity. Therefore, plaintiff's claims against SAIF are barred by the Eleventh Amendment and failure to state a claim cognizable under 42 U.S.C. § 1983. Although Ms. Kathy Keene sued in her individual capacity is arguably a proper defendant, plaintiff's factual allegation fail to state a claim against her.

Defendants Un-enumerated 12B Motion to Dismiss (#101): "Ms. Keene, et al.," move for dismissal under 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 12B (sic) on the ground that plaintiff failed to exhaust his grievance remedies prior to filing this action (#101).[5]

Plaintiff alleges that various State of Oregon officials

---

[5]The Ninth Circuit Court of Appeals has held that failure to exhaust non-judicial remedies is not jurisdictional and should be treated as a matter in abatement. Thus, the proper procedural mechanism for adjudicating the existence or absence of exhaustion of non-judicial remedies is an "un-enumerated Rule 12(b) motion" rather than a motion for summary judgment. In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F. F.2d 365, 368 (9th Cir. 1988 (per curiam).

and employees 1.)violated his First, Fifth, and Fourteenth
Amendment rights with regard to the incident where plaintiff
fell in the dining room; 2.) violated his Eight Amendment
rights in their treatment of his Hepatitis C ["HVC"] and other
chronic medical conditions; 3.) violated plaintiff's First,
Fourth, Fifth, Sixth, Seventh Eighth and Fourteenth Amendment
rights by confiscating his legal materials and regarding a
disciplinary proceeding; and 4.) violated his First, Fifth and
Fourteenth Amendment rights by denying him access to the
library.

The record reflects that plaintiff failed to file a
grievance form that met the requirements of the Oregon
Department of Corrections administrative rules on grievances
regarding claims on the following issues: medical care related
to his HCV condition, law library access, the slip and fall
incident, post-injury medical care, an injury at work, and
loss of his job. See, Defendant's Motion to Dismiss (#101),
Exhibit 101, Hicks Affidavit.   Plaintiff submitted no
grievance regarding his HVC condition, the loss of his job, or
his post injury medical care.   Plaintiff submitted one
grievance that SAIF did not accept his accident report, but
failed to appeal the response. Id. Plaintiff submitted two
grievances about library access, but failed to properly appeal
either response. Id. Plaintiff submitted a grievance about

the slip and fall incident, but it was submitted several months after the deadline.  <u>Id.</u>, p. 8.  Plaintiff improperly filed grievances regarding his claims that his legal materials were confiscated and that his personal property was destroyed. <u>Id.</u>, pp. 8-10.  Plaintiff's grievances were returned with an explanation that these issues have a separate review process. <u>Id.</u>

In addition, plaintiff failed to follow the ODOC Administrative Rules on Inmate Discrimination Complaints. Inmate discrimination complaints are governed by administrative rules found in OAR Chapter 291, Division 6 which provide a process for addressing discrimination complaints based on race, color, national origin, sex, religion, age, marital status or handicap. Plaintiff filed "discrimination complaints" on some of the issues raised in this action, but failed to allege any unlawful discrimination under the rules.  The complaints were returned with an explanation.  <u>Id.</u>, at paragraph 15.

The Prison Litigation Reform Act (PLRA) provides:  No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S. C. § 1997e(a); <u>Porter v. Nussle</u>,

534U.S. 516, 531-32; <u>Booth v. Churner</u>, 532 U.S. 731 (2001). In the Ninth Circuit, inmates are required to exhaust **all** grievance remedies **prior** to filing a 1983 action, including appealing the grievance decision to the highest level within the grievance system. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003); <u>Bennet v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002).

The "total exhaustion" requirement, adopted by the Tenth, Eighth and Sixth Circuits, requires exhaustion of all administrative remedies to <u>all</u> claims before an action is allowed to proceed. <u>See</u>, <u>Graves v. Norris</u>, 218 F.3d 884, 885 (8th Cir. 2000); <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181, 1189 (10th Cir. 2004); <u>Bey v. Johnson</u>, 407 F.3d 801 (6th Cir. 2005). District courts in the Ninth Circuit are split on the issue; however, some courts - including a recent decision in the District of Oregon - have adopted the "total exhaustion" requirement. <u>See</u>, <u>Mubarak v. California Dept. of Corrections</u>, 315 F. Supp.2d 1057 (S.D. Cal. 2004)("total exhaustion" is supported by the plain language and furthers the PLRA's purpose of deterring meritless prisoner lawsuits); <u>Smith v. Villanueva</u>, Civ. No. 04-1211-MO, slip op. at 5-6 (D. Or. August 22, 2005)(a total exhaustion requirement exists under 42 U.S.C. § 1997e(a); "the statute plainly prohibits an 'action' (as opposed to a claim) from proceeding until all

administrative remedies are exhausted").

The Oregon Department of Corrections has a grievance system to address inmate complaints.  See, OAR 291-109-0100 through 291-109-0140.  Inmates are informed of this system at the Admission and Orientation upon arrival at the institution and it is also explained in the inmate handbook. Exhibit 101, Hicks Affidavit, paragraph 4.  Inmates may file grievances as to the conditions of their confinement, improper treatment by staff, lack of medical treatment, and oversight or error affecting the inmate.  OAR 291-109-0140(2).  Inmates must communicate first with line  staff, either through face-to-face conversation or by written inmate communication, as the primary means of resolving a dispute.  Exhibit 101, Hicks Affidavit, paragraph 4; OAR 291-109-0140(1).  If this does not bring resolution, the inmate may file a grievance and must attach proof that they have completed the first step. Id.  To file a grievance, an inmate completes a form CD 117.  If the matter is not an emergency, the inmate must complete the grievance form within 30 days of the incident.[6]  Once the grievance coordinator processes the grievance, the inmate may seek an appeal.  Exhibit 101, Hicks Affidavit paragraphs 6-7;

---

[6]See, OAR 291-109-0140-(3), Exhibit 101, Hicks Affidavit attachment 1, p. 5.  The rule giving the inmate 30 days to file became effective on March 1, 2003.  The prior rule, effective on June 19, 2000, gave inmates five working days in which to file a grievance.  Exhibit 101, Hicks Affidavit, attachment 9, p.4.

OAR 291-109-0140(4) and (5).

Inmates may appeal the decisions or results of matters filed through the grievance process. <u>Id.</u> An appeal must be filed within 14 days after the grievance finding. An appeal goes through the functional unit manager who is required to respond to the appeal within 30 days. <u>Id.</u> The decision of the functional unit manager may be reviewed by appealing to the Assistant Director. <u>Id.</u>

Plaintiff failed to file any grievance on his HCV condition, the loss of his job, or his post-injury medical care. <u>See</u>, Exhibit 101, Hicks Affidavit.

Plaintiff filed grievances about an accident report to SAIF, law library access, and the slip and fall incident; however, he failed to follow the proper procedural steps for appeal and therefore failed to exhaust his administrative remedies as to those claims.

Inmates may also pursue a remedy through the ODOC Administrative Rule for processing inmate discrimination complaints. OAR 291-006-0005-0025. These rules set forth a procedure for the disposition of discrimination complaints. OAR 291-006-0005(2). The inmate must file a written complaint with the functional unit Manager. OAR 291-006-0015(2). Once an investigation has been conducted and the inmate has received a response, the inmate is then entitled to a further

review of the complaint. Since plaintiff failed to file discrimination complaints raising an issue of unlawful discrimination on any of the issues complained of in this action, he did not exhaust his remedies with respect to his discrimination claims. <u>See</u>, Exhibit 101, Hicks Affidavit, paragraph 2.

Plaintiff contends that he "made many good faith efforts [to grieve his claims] through personal verbal communications, inmate communication forms [CD 214's], Letters sent by the U.S. Mail Service Postal Carriers to the defendants in this case, and by administrative processes that were in place," Plaintiff's Response (#106) p. 1, and "felt" he had exhausted the grievance process with respect to some claims. <u>Id.</u>, p. 2. Plaintiff further argues and that he was "hindered and threatened" by defendants when he tried to file grievances and exhaust the grievance process. <u>Id.</u>, p. 3. Plaintiff also argues that he could prove exhaustion except for the fact that a box of his legal materials has been lost. <u>See</u>, Plaintiff's Response (#106) p. 4.

As discussed above, exhaustion of administrative remedies is mandatory. Good faith is not relevant. There is no evidence to establish that defendants thwarted plaintiff's efforts to exhaust his administrative remedies or are responsible for plaintiff's lost legal materials.

Plaintiff argues that if he did not exhaust his administrative remedies, the "Risk Manager has a duty to inform the plaintiff of his course of action, which they did not do." Plaintiff's Response (#106) p. 2. Plaintiff has not cited any authority for such a "duty" and in any event the Affidavit of Teresa Hicks and exhibits thereto establish that defendants properly responded to plaintiff's grievances and other inquiries. <u>See</u> Defendants' Un-enumerated 12B Motion to Dismiss (#101) Exhibit 101, Affidavit of Teresa Hicks. In each instance the deficiency of plaintiff's grievance was explained and he was advised of the correct procedure. <u>Id.</u>

The uncontradicted evidence of record establishes that plaintiff failed to properly follow the grievance process for any of the issues raised in his complaint and failed to allege unlawful discrimination in his discrimination complaints. Thus plaintiff has failed to pursue his claims to the highest administrative level and exhaust his administrative remedies. Even if plaintiff may have exhausted with respect to one or more claims, it is clear that he has not exhausted all claims so as to have met the "total exhaustion" requirement discussed above. Defendants' "Un-enumerated 12B Motion to Dismiss - Failure to Exhaust" (#101) should be allowed.[7]

---

[7]If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. <u>Waytt v. Terhune</u>, 315 F.3d 1108 (9th

<u>John Doe defendants:</u> The use of "John Doe" to identify defendants is not favored. <u>See</u>, <u>Wiltsie v. California Department of Corrections</u>, 406 F.2d 515, 518 (9th Cir. 1968). In situations where the identity of alleged defendants are not known prior to the filing of the complaint, the naming of "John Doe defendants" may be proper. <u>Gillespie v. Civiletti</u>, 629 F.2d 637 (1980). In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. <u>Id.</u>

In this case the record reflects that plaintiff did not request discovery from defendants until after the pending motions were filed and almost 2 years from the time the action was commenced. Plaintiff's interrogatories made no attempt to discover the identities of the John Doe defendants. <u>See</u>, Plaintiff's Interrogatories attached to Motion to Compel (#107).

In any event, with the exception of one unidentified inmate John Doe, plaintiff's claims against the other John Doe

Cir. 2003). However, in this case I take judicial notice of the rules governing the inmate grievance process and find that the time limits for filing grievances or appealing or otherwise pursuing grievances that plaintiff has already filed concerning the claims alleged in this action, have expired. Therefore, dismissal with prejudice is appropriate.

defendants are not actionable for the reasons discussed above. Specifically, such claims are either barred by the statute of limitations or the claims against the John Does are not actionable because plaintiff failed to exhaust administrative remedies as to such claims. The inmate John Doe is not subject to liability to plaintiff under 42 U.S.C. § 1983 because he is not alleged to have acted under the color of state law, and his alleged actions were merely negligent.

Supplemental State Law Claims: For the reasons set forth above defendants are entitled to dismissal or summary judgment as to plaintiff's federal claims.

If the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law claims may be dismissed as well. 28 U.S.C. § 1367©)(3). Some cases hold that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary circumstances" justify their retention. Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1991); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir. 1993). However, most courts hold that whether to dismiss supplemental claims is fully discretionary with the district court. Schneider v. TRW, Inc., 938 F.2d 986, 993-994 (9th Cir. 1991), weighing factors such as economy, convenience, fairness and comity. Brady v. Brown, 51 F.3d 810 (9th Cir. 1995).

In this case, I find that there are no extraordinary circumstances or compelling reasons for the court to retain jurisdiction over any possible remaining state law claims. Thus, any remaining supplemental state law claims against any remaining defendant should be dismissed.

Summary: Defendants' Motion to Dismiss (#55) should be allowed; defendants' Motion for Summary Judgment and to Dismiss (#59) should be allowed; defendants' Motion to Dismiss for failure to state a claim (#81) should be allowed; and, Un-enumerated Motion to Dismiss (#101) should be allowed. Any remaining claims against any remaining defendants should be dismissed. This action should be dismissed with prejudice. All other pending motions should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a

waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __29_ day of December, 2005.

_____s/_____
John P. Cooney
United States Magistrate Judge